F I L E D
03/29/2023
*Amy McGhee*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Ashley Williams
DV-32-2023-0000355-DT
Vannatta, Shane
1.00

Torrance L. Coburn
TIPP COBURN & ASSOCIATES PC
Attorneys at Law
2200 Brooks St
P.O. Box 3778
Missoula, MT 59806-3778
Phone: (406) 549-5186
torrance@tcsattorneys.com
nicole@tcsattorneys.com

Attorney for Plaintiff

# MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

SHONI LLAMAS,

      Plaintiff,

  vs.

SCHEELS ALL SPORTS, INC.,

      Defendant.

Case No.: _____

Dept. No.:_____

**COMPLAINT and
DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Shoni Llamas, by and through her counsel Torrance L. Coburn of TIPP COBURN & ASSOCIATES PC, and for her Complaint against the Defendant, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Shoni Llamas ("Llamas"), currently resides, and at all times pertinent to this Complaint resided, in the State of Montana, Missoula County.

2. Defendant Scheels All Sports, Inc. ("Scheels") is a North Dakota corporation, with a principal address of 1707 Gold Drive, Corporate Office, Fargo,

ND 58103.  Defendant has been and continues to do business in Montana, and is authorized to do business in Montana.  Defendant's registered agent is Todd Anderson, Billings Scheels, Billings, MT 59102.

3.    At all times pertinent to this Complaint, the Defendant employed fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

4.    This action arises under the Americans with Disabilities Act (ADA) (42 U.S.C. § 12201 et seq.), and the Montana Human Rights Act (Montana Code Annotated § 49-2-303 et seq.).

5.    This Court is the proper venue for this matter because the Defendant transacts business in Missoula County and the events in question occurred in Missoula County.

6.    Llamas filed a charge of employment discrimination on the basis of disability with the Montana Human Rights Bureau within 180 days of the alleged employment discrimination she suffered at the hands of the Defendant.  Llamas's charge of employment discrimination was filed as Montana Human Rights Bureau Case No. 0220497.

7.    The Montana Human Rights Bureau issued its Notice of Right to File Civil Action in District Court on January 11, 2023.

8.    Llamas filed this Complaint within 90 days of the Montana Human Rights Bureau's Notice of Right to File Civil Action in District Court in HRB Case No. 0220497.

9.    Llamas's Complaint filed herein is timely.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10.    The Plaintiff hereby incorporates by reference all statements and allegations contained herein.

11.    Plaintiff Llamas is an individual with a physical disability within the meaning of the ADA and the Montana Human Rights Act.

12.    Plaintiff Llamas is a qualified individual with a disability within the meaning of the ADA and the Montana Human Rights Act.

13.    Defendant is an employer within the meaning of the ADA and the Montana Human Rights Act.

14.    During the course of her employment, Plaintiff Llamas performed her job duties in a reasonable and adequate manner, and, pursuant to the Montana Human Rights Act, was an "otherwise qualified person".

15.    Plaintiff Llamas notified the Defendant of her disability, and requested accommodations for her disability.

16.    Despite Llamas's disability and her request for accommodation, the Defendant refused to accommodate Llamas.  Moreover, the Defendant refused to

engage in the interactive process required by the ADA and the Montana Human

Rights Act, and simply denied Llamas's request for accommodation.

17.    Instead of engaging in the interactive process required by the ADA

and the Montana Human Rights Act and providing accommodations for Llamas's

disability, the Defendant terminated Llamas's employment on January 24, 2023.

18.    The Defendant's stated reason for terminating Llamas is that her

disability rendered her unable to perform her job duties.

## COUNT ONE – FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19.    Llamas realleges, and incorporates by reference, all preceding

allegations, as if fully set forth here.

20.    By refusing to engage in the interactive process required by the ADA

and failing to provide reasonable accommodations to Llamas that would have

allowed her to return to work, the Defendant engaged in illegal discrimination in

violation of the Americans with Disabilities Act.

21.    As a result of the Defendant's discrimination against Llamas on the

basis of her disability, Plaintiff Llamas suffered and continues to suffer economic

losses, mental anguish, pain and suffering, and other nonpecuniary losses.

//

//

## COUNT TWO – FAILURE TO ACCOMMODATE IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

22.    Llamas realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

23.    By refusing to engage in the interactive process required by the Montana Human Rights Act and failing to provide reasonable accommodations to Llamas, the Defendant engaged in illegal discrimination in violation of the Montana Human Rights Act.

24.    As a result of the Defendant's discrimination against Llamas on the basis of her disability, Plaintiff Llamas suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

## COUNT THREE – DISCRIMINATORY TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

25.    Llamas realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

26.    By refusing to engage in the interactive process required by the ADA and instead terminating Llamas because of her disability, the Defendant engaged in illegal discrimination in violation of the Americans with Disabilities Act.

27.    As a result of the Defendant's discrimination against Llamas on the basis of her disability, Plaintiff Llamas suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

## COUNT FOUR – DISCRIMINATORY TERMINATION IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

28.     Llamas realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

29.     By refusing to engage in the interactive process required by the Montana Human Rights Act and instead terminating Llamas because of her disability, the Defendant engaged in illegal discrimination in violation of the Montana Human Rights Act.

30.     As a result of the Defendant's discrimination against Llamas on the basis of her disability, Plaintiff Llamas suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

WHEREFORE, the Plaintiff Shoni Llamas requests that this Court:

A.     Issue a judgment declaring the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights as secured by the Americans with Disabilities Act and the Montana Human Rights Act;

B.     Grant the Plaintiff a permanent injunction enjoining the Defendant and all those acting in concert with it and at its direction from engaging in any employment policy or practice that discriminates against her on the basis of a disability;

C.     Order the Defendant to make the Plaintiff whole by providing appropriate back and front pay and reimbursement for lost pension, Social

Security, Unemployment Compensation, experience, training opportunities, and

other benefits in an amount to be shown at trial, and other affirmative relief

including, but not limited to, reinstatement or reconsideration by the Defendant for

employment opportunity;

D.     Order the Defendant to compensate the Plaintiff for all actual,

consequential, compensatory, general and special damages she has suffered as a

result of the Defendant's actions as alleged above;

E.     Retain jurisdiction over this action to assure full compliance with the

orders of this Court and with applicable law and require the Defendant to file any

reports that the Court deems necessary to evaluate compliance;

F.     Grant the Plaintiff her costs and reasonable attorney's fees incurred

herein; and

G.     Such other and further relief as this Court deems just, equitable and

proper.

DATED this 29th day of March, 2023.

TIPP COBURN & ASSSOCIATES PC


/s/ Torrance L. Coburn
Torrance L. Coburn
Attorney for Plaintiff

//
//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, by and through counsel of TIPP COBURN &

ASSSOCIATES PC, and demand a jury trial on all issues of fact in the above case.

DATED this 29th day of March, 2023.

TIPP COBURN & ASSSOCIATES PC

*/s/ Torrance L. Coburn*
Torrance L. Coburn
Attorney for Plaintiff